United States District Court
Southern District of Texas
**ENTERED**
March 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYDEL M.C., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-077 |
| | § | |
| ANDREA SHAVER, *et al.*, | § | |
|     Respondents. | § | |

## ORDER TRANSFERRING VENUE TO
## WESTERN DISTRICT OF LOUISIANA

On January 27, 2026, Petitioner filed (then via a "next friend") a habeas petition challenging his detention pro se. Dkt. No. 1. In a recent filing, Petitioner indicated that he "has been transferred to the LaSalle ICE Processing Center in Jena, Louisiana" and changed his address accordingly. Dkt. No. 19 at 1.

A district court may act *sua sponte* in ordering transfer pursuant to § 1404(a). *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also* 28 U.S.C. 1406(a). "The place of the alleged wrong is one of the most important factors in venue determinations." *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (internal citation omitted).

Given the applicable law and record, the Court finds venue is proper in the United States District Court for the Western District of Louisiana. *See Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000); 28 U.S.C. § 1391(b)(2) (permitting venue where "a substantial part of the events or omissions giving rise to the claim occurred").

It is **ORDERED** that this matter be transferred, pursuant to 28 U.S.C. § 1404(a), to the Western District of Louisiana.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

This is a non-dispositive order on a pretrial matter, pursuant to 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a).[2]

Signed in Brownsville, Texas on March 18, 2026.

_Karen Betancourt_
Karen Betancourt
United States Magistrate Judge

---

[2] District courts throughout the Fifth Circuit have held that magistrate judges have the authority to decide a motion to transfer venue. *Leighty v. Stone Truck Line Inc.*, 2020 WL 85152, at *1 n. 1 (N.D. Tex. Jan. 6, 2020); *Smith v. Carl Zeiss SMT, Inc.*, 2007 WL 686874, at *1 (S.D. Miss. Mar. 5, 2007); *TravelPass Grp. LLC v. Caesars Ent. Corp.*, 2019 WL 4071784, at *1 (E.D. Tex. Aug. 29, 2019); *LNV Corp. v. Branch Banking & Tr. Co.*, 2013 WL 1694421, at *1 (N.D. Tex. Apr. 18, 2013) ("a motion to transfer venue is nondispositive in nature"); *Lozada Leoni v. MoneyGram Int'l Inc.*, 2020 WL 428080, at *1, n. 1 (E.D. Tex. Jan. 28, 2020).